**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 27 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARC PERKEL, Church of Reality,

Petitioner,

v.

U.S. DEPARTMENT OF JUSTICE,
Drug Enforcement Administration,

Respondent.

No. 08-74457

MEMORANDUM [*]

On Petition for Review of an Order of the
Drug Enforcement Administration

Submitted November 19, 2009 [**]

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

Marc Perkel petitions for review of a final order issued by the Drug

Enforcement Administration (DEA) denying his request for an exemption from the

Controlled Substance Act (CSA) that would permit him and other members of the

Church of Reality to possess and distribute marijuana. We deny the petition for

review.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The CSA, 21 U.S.C. §§ 801-971, classifies marijuana as a controlled substance and makes it unlawful to manufacture, distribute, dispense, or possess the drug except as otherwise provided in the statute. *See Raich v. Gonzales*, 500 F.3d 850, 854-55 (9th Cir. 2007). Perkel contends that enforcement of the CSA against him and members of the Church of Reality violates the Religious Freedom Restoration Act (RFRA), 42 U.S.C. §§ 2000bb-1 to 2000bb-4. RFRA "prohibits the Federal Government from substantially burdening a person's exercise of religion, unless the Government demonstrates that application of the burden to the person represents the least restrictive means of advancing a compelling interest." *See Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 423 (2006) (citing 42 U.S.C. § 2000bb-1(b)) (internal quotations marks omitted).

We agree with the DEA that Perkel failed to establish a prima facie case under RFRA because he did not demonstrate that his religion is "substantially burdened" by enforcement of the CSA. In *Navajo Nation v. United States Forest Serv.*, 535 F.3d 1058, 1070 (9th Cir. 2008) (en banc), *cert. denied*, 129 S. Ct. 2763 (2009), we explained that a "substantial burden is imposed . . . when individuals are . . . coerced to act contrary to their religious beliefs by the threat of civil or criminal sanctions." We concluded that "[a]ny burden imposed on the exercise of religion short of that . . . is not a 'substantial burden' within the meaning of RFRA." *Id.*

Here, Perkel's admissions demonstrate that prohibiting marijuana would not coerce him or other church members to act contrary to their religious beliefs. Although Perkel claims the Church of Reality is "marijuana inspired," he admits church doctrine would have developed without the drug. When asked to describe in what context marijuana is used by the church, Perkel stated that marijuana "has been misclassified and is a relatively harmless substance" used by church members "to inspire creative thinking, for medical purposes, relaxation, and socially [-] like social drinking." Church members are not solicited to use the drug. When the drug is consumed, it is not in any particular location or during any particular ritual or ceremony. Finally, Perkel admits that "[u]nlike some religions, the Church of Reality is not a religion that centers on marijuana or drug experiences" but rather drugs "inspire creative thinking that leads to really good ideas." At most, Perkel describes a "diminishment of spiritual fulfillment" which we explained in *Navajo Nation:* "– serious though it may be – is not a 'substantial burden' on the exercise of religion." *See id.*

**PETITION FOR REVIEW DENIED**.